**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS J. SAYER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No. 21-35246

D.C. No. 3:20-cv-05125-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding[**]

Submitted April 15, 2022[***]
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,[****] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Thomas J. Sayer appeals the district court's order affirming the Social Security Administration's denial of Title II disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court order de novo and the administrative decision for substantial evidence and legal error. *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014). We affirm.

Sayer's primary contention on appeal is that the administrative law judge ("ALJ") impermissibly discounted his testimony regarding the severity of his symptoms and physical limitations. The ALJ explained that Sayer's testimony regarding his physical limitations was inconsistent with his reported activities, including playing video games, going to the grocery store, walking a quarter of a mile with the goal of walking further, taking extended drives, and helping put away laundry. The ALJ also discussed inconsistencies between Sayer's testimony and his medical records, including statements regarding his progress made to providers. The ALJ's reasons are specific, clear, convincing, and supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1112–14 (9th Cir. 2012) (holding that inconsistent statements, medical evidence, and daily living activities may provide clear and convincing reasons to reject subjective symptom testimony). Because the ALJ permissibly weighed Sayer's testimony, Sayer's challenges to the ALJ's residual functional capacity determination likewise fail. *Cf. Ford v. Saul*, 950

F.3d 1141, 1156–57 (9th Cir. 2020) (challenge to ALJ's listing determination failed where argument relied on medical evidence properly rejected or discounted by ALJ).

Sayer also argues that the ALJ erred by finding he did not have a severe mental limitation. The ALJ reasonably interpreted the evidence, including the Dr. Lee's consultative examination, and we defer to the ALJ's finding. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

**AFFIRMED.**